895 F.2d 809
 282 U.S.App.D.C. 404
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Norman HOLLY, Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES.
 No. 88-5372.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 7, 1990.
 
 Appeal from the United States District Court for the District of Columbia.
 Before MIKVA, RUTH B. GINSBURG and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. Upon full review, the court is satisfied that appropriate disposition of the case does not warrant a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Appellant Norman Holly initially elected review of the challenged job determinations in a negotiated grievance proceeding that culminated in binding arbitration. The arbitrator, after considering an evidentiary record that included the documents at issue here, concluded that no "program manager acted arbitrarily, capriciously or unreasonably in determining [that Holly] was not qualified." In so finding, the arbitrator necessarily decided that the challenged records were maintained with reasonable attention to their accuracy, thereby resolving an issue central to Holly's Privacy Act claim. See Dickson v. OPM, 828 F.2d 32, 37 (D.C.Cir.1987).
 
 
 3
 Thus, even if the Civil Service Reform Act regime would not in all events preclude a Privacy Act claim here--a point we do not decide--the arbitrator's decision, we are satisfied, precludes Holly from relitigating the agency's maintenance of the challenged records. See Restatement (Second) of Judgments Sec. 27 comment c (1982) (issue preclusion does not demand total identity; same issue may be implicated when there is a "substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first"); see also id. Secs. 83, 84 (adjudications by administrative tribunals and by arbitration generally have same preclusive effects as judgment of a court). We find no good cause, in the matter at hand, to permit appellant to unravel or undermine the binding arbitration. It is accordingly
 
 
 4
 ORDERED and ADJUDGED, for the reasons stated herein, that the district court's judgment in favor of appellee Department of Health and Human Services be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).